IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY MICHAEL PRATT, JR.                                               PLAINTIFF

v.                              Civil No. 1:24-cv-01029-SOH-BAB

CHIEF DEPUTY CHARLIE PHILLIPS;
and SHERIFF RICKY ROBERTS                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Barry Michael Pratt, Jr., currently an inmate of the Union County Criminal Justice Facility, filed this action pursuant to 42 U.S.C. § 1983.   Plaintiff proceeds *pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).   Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.      BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Application") on May 2, 2024.   (ECF Nos. 1, 2).   The Court provisionally filed Plaintiff's Complaint and ordered him to submit a completed IFP Application.   (ECF No. 3).   Plaintiff filed his second IFP Application on May 15, 2024.   (ECF No. 4).   The Court granted Plaintiff's IFP

Application on June 3, 2024.   (ECF No. 5).

In his Complaint Plaintiff claims "deprivation of character" against both Defendants.

(ECF No. 1, p. 4).   Specifically, Plaintiff alleges:

> They tagged me [extremely] violent, about 6 years ago.   I do not have anything in my
> Jacket anywhere that's [extremely] violent.   Every time I get arrested or in trouble I get
> Handled ruff, im tired of it.   It's the Supervison of this County, or Sheriff Ricky Roberts
> Charlie Phillips and even our Prosecuting Attorney Carla Gibson.   I have been [physically]
> injured [several] times, but im okay.   My skull fractured.   Neck all screwed up.   Rib
> dislocated.   Ruining my character.

(ECF No. 1, pp. 4-5) (errors in original).   For his official capacity claim Plaintiff states: "good old

boys & girls."   *Id.* at 5.

As relief, Plaintiff seeks a declaration from the Court stating his rights have been violated

by Defendants actions, costs, compensatory damages, nominal damages, and punitive damages.

*Id*. at 6-7.

## II.   APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a

complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state

a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is

immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer

v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

3

### III.   DISCUSSION

Slander, defamation, and humiliation, while unprofessional and distasteful conduct, do not state a constitutional violation.   "[D]efamation, per se, is not actionable under section 1983". *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981).   The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause.   *Paul v. Davis*, 424 U.S. 693, 711-12 (1976).   Accordingly, Plaintiff's claim of defamation fails as a matter of law.

Furthermore, all official capacity claims asserted by Plaintiff must fail as a matter of law. Without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer.   *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

### IV.   CONCLUSION

For these reasons, it is recommended:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact.   The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 21st day of June 2024.

/s/  Barry A. Bryant
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

5